UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD A. PACIA, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) ) C.A. No. 1:22-CV-0014-MSM-PAS <br> ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE for MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2006-NC5, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-NC5, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

In this matter the plaintiff, Richard A. Pacia, challenges the foreclosure of a residential property. The defendant, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass Through Certificates Series 2006-NC5 ("the Trust"), has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Because the Court finds that Mr. Pacia's claim is precluded under the doctrine of judicial estoppel, the Court GRANTS the Trust's Motion (ECF No. 9).

### I.   BACKGROUND

On or about May 24, 2006, Mr. Pacia executed a mortgage in favor of New Century Mortgage Corporation that secured repayment of a $277,200 loan with a lien on a residential property at 5 Handy Street, Providence, Rhode Island ("the

Property"). (ECF No. 1-1 ¶ 10.) On January 29, 2008, the Mortgage was assigned to the Trust. *Id.* ¶ 15.

An involuntary Chapter 7 bankruptcy petition was filed against Mr. Pacia on October 21, 2010. *In re Pacia*, Docket No. 1:10-bk-14360 (Bankr. D.R.I. 2010). On January 28, 2011, Mr. Pacia filed schedules in the petition, one of which (Schedule D) identified an ownership interest in the Property and disclosed a claim on the Property in the amount of $276,637.00 by BAC Home Loans Servicing in connection with the mortgage. (ECF No. 10-2.)[1] In the schedules and under oath, Mr. Pacia stated his intent to surrender the Property. *Id.* at 37-38. Based in part on the surrender, Mr. Pacia received a bankruptcy discharge on October 10, 2013. (ECF No. 10-3.)

On October 27, 2021, the Trust commenced foreclosure proceedings by sending a Notice of Mortgagee's Foreclosure Sale to Mr. Pacia. (ECF No. 1-1 ¶ 13.) On December 13, 2021, Mr. Pacia filed a complaint in Providence County Superior Court, challenging ownership of the Property. (ECF No. 1-1.) He alleged that the Trust breached the mortgage contract or otherwise failed to comply with conditions precedent to exercise the statutory power of sale. *Id.* The Trust removed the case to this Court on the grounds of diversity jurisdiction and now moves to dismiss under the doctrine of judicial estoppel.

---

[1] The bankruptcy court filings are an official public record that the Court can take judicial notice of and thus consider them on a Rule 12(b)(6) motion to dismiss. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

## II.   MOTION TO DISMISS STANDARD

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, the complaint must state a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court assesses the sufficiency of the plaintiff's factual allegations in a two-step process. *See Ocasio-Herandez v. Fortuno-Burset*, 640 F.3d 1, 7, 11-13 (1st Cir. 2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 699 F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (*i.e.,* non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* "The relevant question … in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

## III.   DISCUSSION

The Trust asserts that the doctrine of judicial estoppel bars Mr. Pacia's claim because he previously surrendered all rights to the Property in the bankruptcy court. The Court agrees. Judicial estoppel is an equitable doctrine providing that "where a

party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position[.]" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). A court considers three factors when determining whether to apply judicial estoppel: (1) a "party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept the party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first of second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51.

The application of judicial estoppel in instances where a plaintiff challenges a foreclosure after he or she surrendered all rights to the subject property in bankruptcy is not without precedent, including in this district. *Colon v. Bayview Loan Servicing*, C.A. No. 1:19-cv-517-WES, 2020 3051242 (D.R.I. June 8, 2020); *see also Failla v. Citibank*, 838 F.3d 1170 (11th Cir. 2016); *Bowman v. U.S. Bank Nat'l Ass'n*, C.A. No. 1:12-cv-04263, 2013 U.S. Dist. LEXIS 149660 (N.D. Ga. Aug. 1, 2013); *Ibanez v. U.S. Bank Nat'l Ass'n*, 856 F. Supp. 2d 273 (D. Mass. 2012).

There is no dispute that the first element of the judicial estoppel test is satisfied here. Mr. Pacia's position, to challenge ownership rights in the Property, is inconsistent with his previous position in bankruptcy court, where he surrendered all rights in the Property.

As to the second and third elements, judicial acceptance of his position in this Court would give the appearance that one of the courts involved was misled and from this Mr. Pacia would derive an unfair advantage. Specifically, the advantage that Mr. Pacia derived from surrendering the Property was that the bankruptcy court discharged his personal liability on the mortgage loan. The Trust's recourse to collect on the mortgage loan debt was to foreclose on the Property. When it attempted to do so, Mr. Pacia filed this lawsuit. He cannot now assert ownership rights in the Property that he already surrendered.

Mr. Pacia argues, however, that his financial circumstances have improved in the length of time from the surrender of the Property in bankruptcy to his current challenge to the Trust's foreclosure. Yet he provides no support for the proposition that the passage of time or changed personal circumstances somehow undoes the surrender of the Property in the bankruptcy court. Instead, he has pursued contradictory positions in federal court filings in contravention of the doctrine of judicial estoppel.

## IV.   CONCLUSION

Because the plaintiff's claims are precluded under the doctrine of judicial estoppel, the Trust's Motion to Dismiss (ECF No. 9) is GRANTED.

IT IS SO ORDERED.

*/s/ Mary S. McElroy*
_____
Mary S. McElroy
United States District Judge
November 16, 2022